RUDOLPH F. FELS, Plaintiff and Appellant, *v.* JOSÉ BIASCOECHEA, Defendant and Appellee.

No. 10424. Argued November 1, 1954.—Decided December 28, 1954.

*Pedro E. Anglade* for appellant.　*Víctor A. Coll* for appellee.

PER CURIAM.

On September 29, 1950, the former District Court of Puerto Rico, San Juan Section, rendered a summary judgment in which after stating that the plea of res judicata should prevail, it dismissed the complaint and ordered plaintiff to pay costs. Feeling aggrieved, plaintiff Rudolph F. Fels appealed. He now contends that:

"(1) The lower court did not have before it sufficient facts to determine that the facts adduced by plaintiff in his initial pleading were elucidated by the Dominican Courts and defendant suppressed the presentation of those facts so the court would not consider them.

"(2) The 'Exhibits' filed do not comply with the requirements fixed by law in Puerto Rico.

"(3) The 'Exhibits' filed by defendant, even if they should comply with the legal requirements, which we deny, do not disclose the essential elements to constitute res judicata (sic) to wit: 'the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.' (Section 1204 of the Civil Code, 1930 ed., third paragraph.)

"(4) The judgment is contrary to law."

According to the record before us, on August 29, 1946, Fels filed an action of debt against José Biascoechea before the aforesaid District Court, alleging briefly that on January 1, 1946, he and defendant entered into a business transaction by virtue of which the latter would buy, on his account, in the Dominican Republic, merchandise, coconuts, agricultural products, and other articles which he would send to the Island of Puerto Rico, (we add, to be sold in this island by Fels, dividing the profits in equal parts); and that when the business was liquidated on July 31, 1946, there was a balance in favor of plaintiff and against defendant for the sum of $65,225.65, which the latter converted to his own use and benefit On the basis of those allegations he requested judgment in his favor for the aforesaid sum plus legal interest, costs and fees.

646

The complaint was timely answered, including in the answer a counterclaim and a cross complaint. Furthermore, defendant moved for summary judgment mainly on the ground that the courts of the Dominican Republic had already decided the issue, rendering it, therefore, res judicata. That motion was accompanied by (1) certified copy of the judgment rendered on July 16, 1947, by the first criminal section of the court of first instance of the judicial district of Santo Domingo; (2) a certified copy of the judgment rendered by the Court of Appeals of Ciudad Trujillo on September 12, 1947, and (3) a certified copy of the judgment rendered by the Supreme Court of Justice of the Dominican Republic on September 13, 1948.

To defendant's motion for summary judgment plaintiff filed a written opposition, which was not accompanied by affidavits or by documents of any kind.

From the certificates attached to defendant's motion it is clearly revealed that plaintiff charged defendant, in the Dominican courts, with the conversion of a large sum of money belonging to the partnership which the former and the latter had organized for the purpose previously mentioned; and that by reason of that charge defendant was arrested and accused in the courts of that country of the offenses of embezzlement, use of false papers and fraud in business deeds; that once the criminal prosecution was instituted, plaintiff appeared and claimed under the civil law the amount which according to him defendant had converted;[1] and that after the cases were heard before the aforesaid courts, defendant was exonerated both criminally and civilly, the last judgment which appeared in the record being rendered by the highest court of the neighbor Republic.[2]

---

[1] There is no showing that in said country penal and civil actions cannot be joined.

[2] In *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 P.R.R. 210, we amply discussed the scope and effect that should be given in Puerto Rico to a foreign judgment. In it we said on page 225: "The Supreme Court of the United States and other courts in the States have decided that a

According to the trial court "Fels' claim failed before the Dominican courts because the evidence introduced by him was deficient, to the extent that he tried to prove the existence of a credit in his favor and against Biascoechea, when there was still lacking an important element, which was the previous liquidation of the partnership, in order to determine with certainty whether Biascoechea was actually his debtor."

The last error was committed. Although in *Sánchez v. De Choudéns* 76 P.R.R. 1, we said that ". . . where in support of a motion for summary judgment . . . documents admissible in evidence, are presented, if the opposing party does not file any counter affidavits or take action to oppose that motion, the latter shall be granted provided the affidavits or other documents presented show that there is no genuine issue of fact to be tried", and although in this case plaintiff did not adduce affidavits or documents of any kind to contradict the averments of defendant's motion, however it is undeniable that a question of law arose which, as we shall see, barred a summary judgment for petitioner. That question is the following: Pursuant to what we stated in *Chabrán v. Méndez*, 74 P.R.R. 719, 731, quoting from Restatement, Judgments, § 54, p. 211, "When a judgment is rendered for the defendant on the ground of the nonexistence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence. . . . The rule stated . . . is applicable where the liability of the defendant is conditional upon the happening of some event. In such a case if the plaintiff brings an

---

foreign judgment is conclusive and entitled to recognition in the United States if the country in which the judgment was rendered recognizes the judgment rendered in the United States, so long as the foreign court has acted with jurisdiction and the basic requirements of due process of law have been complied with, the judgment is not against the local public policy, the judgment is not contrary to the basic principles of justice, and has been rendered by an impartial court."

action before the event has occurred, and judgment is given for the defendant on this ground, the plaintiff is not precluded from maintaining an action after the event has occurred."

To the same effect we quote from 2 Freeman's opinion, *Judgments*, 5th ed., pp. 1501–3, as follows:

". . . And the same is true with respect to a decision that no right or cause of action exists; it does not bar a second action when new facts have created a right or cause of action. The fact that the same subject matter was involved in the former action is wholly immaterial. . . . This principle is the basis of the rule that the denial of relief because the action was prematurely brought, is not on the merits and therefore not a bar."

In the case at bar plaintiff's claim was dismissed by the Dominican courts due to the fact that at the time the claim was litigated the liquidation of the business between plaintiff and defendant had not yet been made. In other words, it was equivalent to dismissing the complaint because the action was prematurely brought. Since, in the complaint now before us, it is specifically alleged that "after the business between plaintiff and defendant was liquidated . . . there was a balance for plaintiff and against defendant . . . ," that new fact creates a cause of action in favor of plaintiff, and, pursuant to the authorities cited above, the judgments rendered by the courts of the neighbor country are not res judicata.

The learned writer Manresa expresses himself in a way similar to *Restatement* and Freeman, *supra*. See Vol. 8 Manresa, *Código Civil Español*, 5th ed., where at p. 249 it is said:

"Res judicata arises and takes effect (it refers to the material sense) whenever the former judgment, on which the plea is based, has decided the case on the merits (Judgments of July 7, 1943 and April 18, 1944—Vol. 3, *Jur. Civ.* 732, 2nd series and Vol. 6, p. 499, 2nd series) and therefore it does not

lie, whenever the former judgment, although it dismissed plaintiff's claim, did so for procedural grounds without denying their rights alleged in the litigation. (Judgment of July 1, 1947—19 *Jur. Civ.* 551, 2nd series)."

In Vol. 14 of the repertoire of the Spanish Civil Jurisprudence, published by *Instituto Editorial Reus* (1948), we further find at p. 217 the following:

". . . Res judicata should not be applied to decisions which for some reason did not determine, that is, did not decide anything about the issue in the second suit in which the relief is pleaded."

We are entirely in agreement with the criterion set forth above. Since the liquidation of the business was expressly alleged, and that was the sole reason why the action was dismissed in Santo Domingo, the defense of res judicata does not lie. The trial court, consequently, committed error of law in deciding otherwise.

■ In reaching the previous conclusion we have not overlooked the judgment of January 8, 1902 of the Supreme Court of Spain—93 *Jur. Civ.* 33—in which, although the facts were very similar to the ones involved herein, it was decided differently from what we now decide. That judgment, however, seems to have been reversed *sub silentio* by the ones appearing in the citation of the writer Manresa, above copied, but even if it had not been so, it is not binding on this Court. *Cf. People* v. *Pérez*, 59 P.R.R. 455, 457.

In view of the foregoing conclusion, it is unnecessary to discuss the other errors assigned.

The judgment appealed from will be reversed and the case remanded to the Superior Court, where it originated, for subsequent proceedings not inconsistent with this opinion.

Mr. Justice Pérez Pimentel did not participate herein.